IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE GRANT,<br>　　　　　Petitioner,<br><br>　　　v.<br><br>ERIC TICE,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>　　　　　Respondents. | CIVIL ACTION<br><br><br><br>NO. 17-3471 |

## O R D E R

**AND NOW**, this 3rd day of May, 2019, upon consideration of *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 1, filed August 2, 2017), *pro se* Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 11, filed December 17, 2017), the record in this case, the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated November 8, 2018 (Document No. 19), and *pro se* Petitioners [sic] Objection to Report and Recommendation (Document No. 24, filed December 27, 2018), **IT IS ORDERED** as follows:

　　　1.　　The Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated November 8, 2018, is **APPROVED** and **ADOPTED**;

　　　2.　　*Pro se* Petitioners [sic] Objection to Report and Recommendation is **OVERRULED**. The claim raised for the first time in *pro se* Petitioners [sic] Objection is **DISMISSED WITH PREJUDICE**;

　　　3.　　*Pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus and *pro se* Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus are **DISMISSED** and **DENIED**; and

4. A certificate of appealability will not issue because reasonable jurists would not debate whether the petitions state a valid claim of the denial of a constitutional right or this Court's procedural ruling with respect to petitioner's claim raised for the first time in his Objection to the Report and Recommendation. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

## I. INTRODUCTION[1]

*Pro se* petitioner, Tyrone Grant, was sentenced to an aggregate term of not less than ten and no more than twenty years' imprisonment, followed by twenty-five years' probation after pleading *nolo contendere* to two counts of robbery and one count each of Violation of Uniform Firearms Act ("VUFA"), Possessing Instruments of Crime ("PIC"), and Receiving Stolen Property ("RSP"). R. &. R. 1–3. The sentence results from three criminal cases, *Commonwealth v. Grant*, Nos. CP-51-CR-0014144-2007 ("44" case), CP-51-CR-0014145-2007 ("45" case), CP-51-CR-0014153-2007 ("53" case). Specifically, petitioner pled no contest to (1) one count of robbery and one count of PIC in the "44" case, (2) one count of robbery and one count of VUFA in the "45" case, and (3) one count of RSP in the "53" case.

Petitioner filed Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 2, 2017. This case was referred to United States Magistrate Judge Elizabeth T. Hey for a report and recommendation on October 12, 2017. Petitioner filed Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on December 11, 2017. R. & R. 8 n.9.

---

[1] The facts and procedural history of this case are set forth in detail in Judge Hey's Report and Recommendation, dated November 8, 2018, which this Court approves and adopts with this Order. In this Order, the Court recites only those facts necessary to explain its rulings on *pro se* petitioner's objections.

Judge Hey recommended denial of the petitions in a Report and Recommendation dated November 8, 2018. On December 27, 2018, petitioner filed an Objection challenging that part of the Report and Recommendation addressing petitioner's ineffective assistance of counsel claim based on trial counsel's failure to object to modification of the plea agreement, R. & R. 21–22, and raising a new claim that trial counsel was ineffective for failing to object to petitioner's plea of no contest to a felony count of PIC. Pet'r's Objection to R&R ("Pet. Obj.") 1–2. The Court overrules petitioner's objections and approves and adopts Judge Hey's Report and Recommendation. The Court writes at this time only to explain its rulings on *pro se* petitioner's objections.

## II.  LEGAL STANDARD

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for habeas corpus may only be granted if the state court's adjudication of the claim resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden

of rebutting this presumption by clear and convincing evidence." *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1)(A). When a claim has not been fairly presented to the state courts, but state procedural rules bar further relief in state courts, the claim "meets the technical requirements for exhaustion" but is considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In such cases, federal habeas review is barred unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Id.* at 750.

### III. DISCUSSION

*Pro se* petitioner objects to Judge Hey's Report and Recommendation on two grounds. First, he challenges Judge Hey's analysis of his claim of ineffective assistance of trial counsel for failure to object to the prosecutor's modification of the plea agreement. Second, he raises a new claim of ineffective assistance of counsel for failure to object to petitioner's no contest plea to one felony count of PIC. Pet. Obj. 1–3.

#### A. *Ineffective Assistance of Counsel – Failure to Object To Prosecutor's Modification of Plea Agreement*

Petitioner claims trial counsel was ineffective for failing to object to the prosecutor's modification of the plea agreement. Am. Pet. ¶ 12.

During the sentencing judge's reading of the charges in petitioner's no contest plea colloquy, the judge erroneously stated that petitioner was pleading no contest to a VUFA charge in the "44" case instead of the "45" case. R. & R. 18, 22. Upon defense counsel's objection, the

prosecutor stated that he had made an error in the written plea colloquy in identifying the cases. *Id*. The prosecutor then modified the plea agreement to correct the charges. *Id*. at 18. Petitioner then initialed the corrected plea document and verbally assented to the changes. *Id*. The Court Crier then restated the charges, this time correctly stating that petitioner was pleading no contest to a PIC charge in the "44" case and to a VUFA charge in the "45" case. *Id*. at 18–19.

Reviewing the record, Judge Hey concluded that petitioner defaulted his claim by failing to exhaust the claim. R. & R. 21. Judge Hey further concluded that "even undertaking merits review of the underlying ineffective assistance of trial counsel, the claim fails because Grant cannot establish prejudice under *Strickland*." *Id*. at 22. Specifically, "[b]ecause the correction of the clerical error had no effect on the number or types of charges to which Grant pled, and Grant agreed to the change before the trial court accepted his plea and convicted him, any additional objection raised by trial counsel to the 'prosecutor's modification' once the error was corrected would have been meritless." *Id*.

In his Objection, petitioner contends that Judge Hey applied the incorrect test for prejudice. Pet. Obj. 1. He argues that instead of applying the general prejudice standard from *Strickland v. Washington*, 466 U.S. 668 (1984), Judge Hey should have applied the more specific prejudice standard from *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Pet. Obj. at 1–2.

The *Strickland* prejudice standard requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. *Hill* applies the *Strickland* prejudice test to the context of guilty pleas: "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

5

Petitioner's argument fails because petitioner cannot show prejudice under either *Strickland* or *Hill*. "The plea colloquy indicates that the trial court did not accept Grant's plea until after the correction was made and acknowledged by Grant orally and by initialing the form." R. & R. 20. The error was corrected before petitioner pled no contest, and therefore he cannot "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" as required by *Hill*, or that "the result of the proceeding would have been different," under *Strickland*. *Hill*, 474 U.S. at 59; *Strickland*, 466 U.S. at 694. In short, applying the more specific *Hill* test instead of the broader *Strickland* test has no impact on Judge Hey's correct determination that petitioner cannot establish prejudice.

### B. Ineffective Assistance of Counsel – Failure to Object to Petitioner's No Contest Plea to One Felony Count of PIC

Petitioner also raises an ineffective assistance of counsel claim based on his trial counsel's failure to object to petitioner's no contest plea to a felony charge of PIC. During the plea colloquy, the Court described the PIC count as a "felony one offense." *See* R. & R. 17. However, PIC is graded as a first-degree misdemeanor offense. 18 Pa. Cons. Stat. § 907.

This claim was not raised in petitioner's § 2254 Petition or Amended Petition, nor was it raised before Magistrate Judge Hey. "Petitioner's obligation to present all evidence to the magistrate judge is made abundantly clear by Local Civil Rule 72.1(IV)(c). That Rule provides that '[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.'" *See Figueroa v. Wenerowicz*, No. 14-7330, 2016 WL 1298963, at *2 (E.D. Pa. Apr. 4, 2016) (DuBois, J.).

Petitioner provides no reason why his ineffective assistance of counsel claim could not have been presented to Judge Hey.  The Court concludes the interest of justice does not require the consideration of the new claim because petitioner could have raised this claim before Judge Hey.  *See Fowler v. Mooney*, No. 14-1768, 2015 WL 6955434, at *2 (E.D. Pa. Nov. 9, 2015) (DuBois, J.) (concluding "the interest of justice does not require consideration of the new claims because all such claims could have been presented to the magistrate judge by *pro se* petitioner, and he failed to do so").  Furthermore, a review of the criminal dockets reveals that at sentencing, the PIC count was correctly graded as a first-degree misdemeanor.  Thus, petitioner's new claim is not properly before the Court.  The objection purporting to raise this claim not raised in the habeas corpus petitions and not presented to the magistrate judge is overruled and the claim is dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court approves and adopts the Report and Recommendation of Judge Hey, overrules petitioner's Objection to Report and Recommendation, dismisses with prejudice the claim raised for the first time in the Objection, and dismisses and denies petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus and his Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**